NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID LAVELLE,

          Plaintiff-Appellant,

 v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT; ROBERT BROWN,

          Defendants-Appellees,

 and

CITY OF LAS VEGAS,

          Defendant.

No. 21-16666

D.C. No.
2:19-cv-01251-JCM-DJA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted July 26, 2022
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and BENNETT,[**] District Judge.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]   The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

David LaVelle sued Defendants Officer Robert Brown and the Las Vegas Metropolitan Police Department (the "LVMPD")[1] after Brown mistakenly cited him under Las Vegas Municipal Code § 9.16.030(K) ("the noise ordinance") for amplified street preaching on the Fremont Street Experience ("the FSE") in Las Vegas. In fact, LVMC § 9.6.010, the non-commercial speech exemption to the noise ordinance, protected LaVelle's speech. LaVelle appeals the district court's dismissal of Brown as shielded by qualified immunity, dismissal of his due process claim, and grant of summary judgment to the LVMPD on his *Monell* claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings.

**1.** The district court properly dismissed Brown on the basis of qualified immunity, because the right LaVelle asserts—the right to preach in public on an amplified system audible at fifty feet—was not clearly established. Qualified immunity shields an officer unless the officer infringes upon a constitutional right that is "clearly established," meaning that its "contours" are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1060–61 (9th Cir. 2006) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). No case or set of cases establishes the

---

[1] The district court dismissed defendant City of Las Vegas at an earlier stage of proceedings.

right LaVelle seeks to vindicate. His cited cases are inapposite; indeed, in most of them, the Supreme Court *approved* of decibel-level ordinances. *See Saia v. People of State of New York*, 334 U.S. 558, 559–60, 562 (1948) (striking down a city permitting scheme under the First Amendment, but noting that "[n]oise can be regulated by regulating decibels."); *Kovacs v. Cooper*, 336 U.S. 77, 87–88 (1949) (upholding a volume-limiting ordinance); *Grayned v. City of Rockford*, 408 U.S. 104, 121, 116 (1972) (upholding picketing restrictions near schools, reasoning that "[i]f overamplified loudspeakers assault the citizenry, government may turn them down."); *Ward v. Rock Against Racism*, 491 U.S. 781, 803 (1989) (upholding city ordinances designed to reduce volume of amplified noise); *Rosenbaum v. City & Cnty. of San Francisco*, 484 F.3d 1142, 1168 (9th Cir. 2007) (upholding noise ordinance against various First Amendment challenges). Because LaVelle failed to produce a single case in which the Supreme Court found that a decibel-level ordinance violated the First Amendment, he has not demonstrated that the right he asserts was clearly established. We therefore affirm the district court's dismissal of Brown as shielded by qualified immunity.

2. We also affirm the district court's dismissal of LaVelle's due process claim. LaVelle does not challenge the district court's determination that his First Amendment and due process claims overlapped. "[O]n appeal, arguments not raised by a party in its opening brief are deemed waived." *Smith v. Marsh*, 194

3

F.3d 1045, 1052 (9th Cir. 1999).  Thus, we have no grounds on which to reverse the district court's dismissal and therefore affirm.

**3.**  The district court improperly granted summary judgment to the LVMPD on LaVelle's *Monell* claim.[2]  Plaintiffs may hold local governments responsible for the unconstitutional actions of their employees when the offending action is taken pursuant to a government's unconstitutional policy or practice.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).  A policy can be shown in three ways relevant here: an express policy, *id.*; a custom, or well-established practice, *id.* at 690–91; or when an official policymaker ratifies the action, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986).  Additionally, a plaintiff must demonstrate that the policy at issue is the "moving force" behind the alleged constitutional violation.  *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).  On summary judgment, the district court held that when "[O]fficer Brown [cited] LaVelle under the Noise Ordinance for non-commercial speech [he] deprived LaVelle of his First Amendment rights."  The LVMPD does not challenge this ruling; thus, it is the law of the case, and our review is limited to the district court's determination that no policy existed.

---

[2] We reject LaVelle's contention that the LVMPD is judicially estopped from arguing that it did not have a policy of mis-enforcement, as that argument is not "clearly inconsistent" with defendants' earlier position that any alleged policy of mis-enforcement granted Brown qualified immunity.  *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001).

Brown has not established a genuine issue of material fact as to whether the LVMPD had a custom of mis-enforcing the noise ordinance, because he points to no other instances of mis-enforcement besides his own. A single instance of mis-enforcement does not amount to a custom. *Menotti v. City of Seattle*, 409 F.3d 1113, 1151 (9th Cir. 2005). Nor has he demonstrated a genuine issue of material fact as to whether Clark County Sheriff Joseph Lombardo ratified the mis-enforcement, because the letter to which he cites in support of this argument— Sheriff Lombardo's statement that "The [LVMPD] has a statutory duty to enforce the laws of the State of Nevada and maintain public order and safety."—does not commit the LVMPD to any course of action.

However, Brown has established a genuine issue of material fact as to whether the LVMPD had an express policy of mis-enforcement. We have held that a police officer's misunderstanding of his legal authority can give rise to a triable issue of fact as to whether the police department had a policy of instructing him as much. *Pierce v. Multnomah Cnty., Or.*, 76 F.3d 1032, 1040 n.4 (9th Cir. 1996) (overturning directed verdict for city on *Monell* claim and remanding question of whether a policy existed to jury, based in part upon officer's testimony about his misunderstanding of his authority). Thus, Brown's and Captain Chavez's deposition testimony that they understood enforcement of the noise ordinance against FSE street preachers to be in line with departmental guidance could suggest

5

that the LVMPD has a policy of instructing its officers as much. Additionally, because we have held that police department manuals create express policy suitable for *Monell* review, *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922–23 (9th Cir. 2001), the handbook[3] that instructs officers to enforce the noise ordinance without the noncommercial speech exception could suggest that the LVMPD has a policy of mis-enforcement.[4] And finally, the email chain directing deputies to "brief the bike squad" on enforcing the noise ordinance against FSE street preachers could suggest that the LVMPD has a policy of enforcing the noise ordinance against noncommercial speakers on the FSE. Thus, we find that there is a genuine issue of material fact as to whether the LVMPD had an express policy of mis-enforcement.

Nor can we affirm the district court's grant of summary judgment on the alternate ground that any alleged policy was not the moving force behind the violation of LaVelle's rights, as defendants urge. Brown testified that he "received instruction" on how to apply the noise ordinance "as a general rule" from the police handbook cited above and that "the reasoning behind" his writing of the

---

[3] We reject the LVMPD's contention that the handbook is inadmissible. The LVMPD cites no authority requiring parties to "disclose" documents written by the opposing party in discovery.

[4] To the extent the handbook is ambiguous in its reference, as the LVMPD suggests, that ambiguity cuts in LaVelle's favor, because it creates a genuine issue of material fact.

6

ticket was "based upon the guidance [he] had received pertaining to the increased use of amplification devices" on the FSE. This "guidance" was the email from the City Attorney. However, he also apparently carried a paper with the text of the ordinance on it while citing LaVelle. Thus, there is a genuine issue of material fact as to whether Brown relied on direction from superiors or his own interpretation of the policy.

For the reasons stated above, we affirm the district court's dismissal of Brown and of LaVelle's due process claim and reverse the district court's grant of summary judgment to the LVMPD on LaVelle's *Monell* claim.[5]

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

The parties shall bear their own costs on appeal.

---

[5] Because we remand to the district court for further proceedings, we need not address LaVelle's challenges as to remedies.